UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EVERETT M. SENNHOLZ,

    Petitioner,

v.              Case No. 16-C-1276

DON STRAHOTA,

    Respondent.

---

## DECISION AND ORDER DENYING PETITION
## FOR RELIEF UNDER 28 U.S.C. § 2254

---

  Petitioner Everett Sennholz filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Sennholz was convicted in the Kenosha County Circuit Court on four counts of first degree sexual assault of a child under thirteen and was sentenced to 20 years imprisonment. The court screened the petition on October 3, 2016 and allowed Sennholz to proceed on two claims: (1) ineffective assistance of trial counsel for failure to object to a witness' testimony concerning the credibility of the complaining witness; and (2) ineffective assistance of trial counsel for failure to object to the State's allegedly improper closing argument. The case is now before the court for resolution. For the reasons discussed herein, the petition will be denied and the case dismissed.

### BACKGROUND

  Sennholz was convicted of sexually assaulting his granddaughter E.M. on four different occasions when she was between the ages of eight and twelve. Although she did not report the abuse for more than twenty years, E.M. testified she ultimately reported the crimes after she learned

that Sennholz was potentially abusing another family member. The State's case did not rely solely upon E.M. or other witnesses' testimony, but also a note E.M. wrote to her friend when she was fourteen years old in which she recounted the abuse and a conversation E.M. secretly recorded with Sennholz in 2010 in which he seemingly admitted to the abuse. In his defense, Sennholz testified that the allegations were false and that his statements to E.M. were just to get her off his back. After a four-day trial, the jury returned a guilty verdict on all four counts.

Sennholz filed a motion for postconviction relief in the state circuit court in which he claimed his trial counsel was ineffective on nine different grounds. The circuit court denied relief, and Sennholz appealed. ECF Nos. 1-3, 1-4. The Wisconsin Court of Appeals rejected Sennholz's arguments and affirmed the judgment. ECF No. 1-1. The Wisconsin Supreme Court denied Sennholz's petition for review. ECF No. 1-2. Sennholz's federal habeas petition pursuant to § 2254 followed and he was allowed to proceed on two claims: (1) ineffective assistance of trial counsel for failure to object to a witness' testimony concerning the credibility of the complaining witness; and (2) ineffective assistance of trial counsel for failure to object to the State's allegedly improper closing argument.

## LEGAL STANDARD

Sennholz's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or

2

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established Federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

This is, and was meant to be, a difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal citation and quotation marks omitted).

## ANALYSIS

Sennholz has raised two arguments suggesting that his trial counsel was ineffective. Ineffective assistance of counsel deprives a defendant of his Sixth Amendment right to counsel and is therefore a proper ground for relief under 28 U.S.C. § 2254. To establish ineffective assistance of counsel, a defendant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that counsel's errors affected the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

3

When § 2254(d) applies, however, the court must instead determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard," not whether counsel's actions were reasonable. *Harrington*, 562 U.S. at 105. As such, rather than showing that "he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," a habeas petitioner must show that the state court applied *Strickland* in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Judicial scrutiny of counsel's performance under the standards created by *Strickland* and § 2254(d) is "highly deferential." *Harrington*, 562 U.S. at 88. Adding AEDPA's additional deferential standard results in a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

**A. Failure to Object to Statements by Detective**

The lead investigator in the case, Detective Randy Myles, testified that E.M. seemed "very believable, very truthful, and genuinely upset" during his initial meeting with her ECF No. 8-13 at 13. Sennholz argues that his trial counsel was ineffective for failing to object to Myles' statements because it allowed Myles to impermissibly testify as to the truthfulness of E.M.. He asserts that E.M.'s credibility was the only issue in the case because there was no physical evidence of the assaults. The Wisconsin Court of Appeals concluded that Myles was not vouching for E.M.'s credibility or opining that she was a truthful witness, but, "per his standard evaluation of a complainant's report, he assessed whether there was some basis for filing a complaint and merely deemed E.M.'s account and demeanor to be sufficiently reliable to warrant further investigation." *State v. Sennholz*, No. 2015 AP118–CR, 2016 WI App 26, ¶ 7, 367 Wis. 2d 749, 877 N.W.2d 650

4

(Feb. 3, 2016). In sum, the state courts concluded that Sennholz's counsel did not have a reason to object and that his failure to do so was not deficient performance.

Sennholz asserts that Myles' testimony impermissibly interfered with the jury's role. In support, Sennholz relies upon *Earls v. McCaughtry*, 379 F.3d 489 (7th Cir. 2004). *Earls* is distinguishable from Sennholz's case. In *Earls*, the Seventh Circuit found ineffective assistance of counsel occurred when counsel failed to object to an expert witness' testimony that he did not note anything that would indicate the alleged child victim was not being truthful. *Id.* at 493. Defense counsel acknowledged the testimony was impermissible and that the failure to object was due to an "oversight." *Id.* at 494–95. Here, Myles testified he was initially in disbelief about the victim's allegations because it was uncommon for a victim to come forward about events that took place more than 15–20 years ago. ECF No. 8-13 at 12–13. He explained that his initial questioning was to ensure that the victim did not possess an ulterior motive and that it was during "*that initial part* where to me she seemed very believable, very truthful, and genuinely upset." *Id.* at 13 (emphasis added). Importantly, Myles testified that it is his job "to find the truth so I don't automatically take one side over the other" and that he conducted further investigation into the allegations. *Id.* at 13–15.

When Detective Myles' testimony is viewed in context, I cannot say that the state courts' application of *Strickland* was unreasonable. Counsel could have reasonably concluded that Myles was not vouching for the victim's veracity and thus there was no reason to object to the testimony. Essentially, the testimony was offered to explain why the detective pursued what appeared to be a stale and somewhat implausible claim further. It would have been better for the detective to simply describe E.M.'s demeanor without offering his further assessment of her truthfulness. But unlike the

5

witness in *Earl*s, Myers was not offered as an "expert" whose opinion was based on specialized education, training or experience. Myers was a detective, and the jury was likely not surprised to learn that the investigating detective called as a State witness believed the alleged victim. The Court of Appeals' decision affirming the denial of Sennholz's ineffective assistance of counsel claim for the failure to object to Myles' testimony was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Sennholz is not entitled to federal habeas relief on this claim.

**B. Improper Closing Argument**

Sennholz also argues that counsel should have objected to the State's closing argument. He contends that the prosecutor improperly stated her personal opinion to end her rebuttal:

> Smoke, mirrors. This is—this is what we do. This is what an attorney has to do when there's just nothing. There's nothing. And there is nothing. There's no defense here. He's guilty. And, again, in continuation of 26 years, he is trying to avoid responsibility for it some more. And I am begging you; don't let him get away with it another day longer.

ECF No. 8-14 at 75–76. The Wisconsin Court of Appeals rejected Sennholz's claim that the closing argument deprived him of a fair trial. The state court concluded that the prosecutor's remarks in this case were merely "a comment on the substantial evidence, which included Sennholz's admission to E.M. in a 2010 conversation she secretly recorded." *State v. Sennholz*, 2016 WI App 26, ¶ 13.

It is improper for a prosecutor to express her personal opinion about a defendant's guilt. *U.S. v. Young*, 470 U.S. 1 (1985). However, in evaluating prosecutorial misconduct, it is not enough that a prosecutor's remarks were "undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)

6

(citations and quotation marks omitted). Under the two prong *Darden* test, the court must first determine whether the comments were improper and, if so, then consider a number of factors to determine whether the defendant was prejudiced by the comments. *Ruvalcaba v. Chandler*, 416 F.3d 555, 565 (7th Cir. 2005). Among the factors to be considered by the court in deciding whether the defendant was prejudiced are: "(1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the defendant, and (6) the defendant's opportunity to rebut." *Howard v. Gramley*, 225 F.3d 784, 793 (7th Cir. 2000). If the argument made by the prosecutor is not so egregious as to rise to the level of a constitutional violation as contemplated in *Darden*, a failure on the part of defense counsel to object to the argument "cannot be considered prejudicial for the purposes of the *Strickland* analysis." *Hough v. Anderson*, 272 F.3d 878, 904 (7th Cir. 2001).

Considering the context of the remarks and the *Darden* standard, the Wisconsin Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law. This is not to say, however, that the prosecutor's argument was entirely proper. Even aside from the prosecutor's cynical description of what attorneys do, her statement — "I am begging you; don't let him get away with it any day longer"— injected into her argument a personal appeal and suggested they should find the defendant guilty so as not to let him "get away with it." Both, considered in isolation, were improper.

"The sole purpose of closing argument is to assist the jury in analyzing the evidence." *United States v. Iglesias*, 915 F.3d 1524, 1529 (11th Cir. 1990). The prosecutor's role in closing is to tie together the evidence that came from the mouths of witnesses and the exhibits so as to help the jury

7

understand how the evidence fits together to prove the defendant's guilt beyond a reasonable doubt. In commenting on the evidence, a prosecutor, like any attorney, should discuss the credibility of the various witnesses, their bias or prejudice if any has been shown, their candor and demeanor, their opportunity to view the events and gain fair impressions, and the consistency of their testimony with their own prior statements and other evidence bearing on the issue about which they testified. In that endeavor courts give wide latitude. But it is improper for a prosecutor to inject himself or herself into the trial and make a personal appeal by begging the jury to find the defendant guilty:

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*United States v. Young*, 470 U.S. 1, 18–19 (1985). It is also improper for the government to appeal to the jurors' emotions and invite the jury to consider the social consequences of its verdict. *United States v. Morgan*, 113 F.3d 85, 90 (7th Cir. 1997).

Evan assuming the statement was improper, however, the Wisconsin courts' decision denying relief was not unreasonable. This was one statement in a closing argument that spans more than twenty-five pages of the transcript. The argument offered by the prosecutor did not suggest that she had knowledge of facts not in evidence that warranted the jury's acceptance of her assessment of the case. Instead, the prosecutor's closing argument addressed at length all of the witnesses' testimony and the evidence which came forward: all of which the prosecutor argued fully supported a finding of guilty. To the extent that the prosecutor may have improperly expressed her personal opinion,

8

her statements do not amount to a violation of due process. The alleged improper arguments only occurred at the very end of the prosecutor's rebuttal and were based on the evidence that came forward during the trial, not on the prosecutor's own speculation.

I conclude that the Court of Appeals' decision affirming the denial of Sennholz's ineffective assistance of counsel claim for the failure to object to prosecutor's closing statement was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Sennholz is not entitled to federal habeas relief on this claim either.

## CONCLUSION

For the reasons given above, Sennholz's petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will be as to both issues addressed herein, however. Though I have concluded that the state court decisions denying relief are not contrary to or unreasonable applications of clearly established federal law, I conclude that reasonable jurists could disagree.

The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** this   15th   day of May, 2017.

                               s/ William C. Griesbach
                               William C. Griesbach, Chief Judge
                               United States District Court